UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| JAMIE LYNN STALEY, | **DECISION** |
| Plaintiff, | **and** |
| v. | **ORDER** |
| ANDREW M. SAUL,[1] Commissioner of | **18-CV-01272F** |
| Social Security, | (**consent**) |
| Defendant. | |

_____

APPEARANCES:   LAW OFFICES OF KENNETH HILLER
Attorneys for Plaintiff
MARY ELLEN GILL, of Counsel
6000 North Bailey Avenue
Suite 1A
Amherst, New York 14226

JAMES P. KENNEDY
UNITED STATES ATTORNEY
Attorney for Defendant
Federal Centre
138 Delaware Avenue
Buffalo, New York 14202
 and
ANDREEA LAURA LECHLEITNER
Special Assistant United States Attorney, of Counsel
United States Attorney's Office
c/o Social Security Administration
Office of General Counsel
26 Federal Plaza – Room 3904
New York, New York 10278
 and
DENNIS J. CANNING, and
JEREMIAH D. HAYES
Special Assistant United States Attorneys, of Counsel
Social Security Administration
Office of General Counsel
601 E. 12th Street, Room 965
Kansas City, Missouri 64106

---

[1] Andrew M. Saul became Commissioner of the Social Security Administration on June 17, 2019, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case. No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

## JURISDICTION

On October 7, 2019, the parties to this action, in accordance with a Standing Order, consented pursuant to 28 U.S.C. § 636(c) to proceed before the undersigned. (Dkt. 14). The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on June 12, 2019 (Dkt. 10), and by Defendant on August 9, 2019 (Dkt. 13).

## BACKGROUND

Plaintiff Jamie Lynn Staley ("Plaintiff" or "Staley"), brings this action under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's application for social security disability benefits filed with the Social Security Administration ("SSA"), on May 6, 2015, for Title II Disability Insurance benefits ("disability benefits"). In applying for disability benefits, Plaintiff alleges she became disabled on September 25, 2014, based on sleep apnea, depression/anxiety, diabetes, lower back pain, leg pain with numbness/tingling/foot pain, and neck pain/headaches. AR[2] at 188-89. Plaintiff's application initially was denied July 21, 2015, AR at 90-100, and on August 13, 2015, Plaintiff requested an administrative hearing before an administrative law judge ("ALJ"), AR at 112-13, which was held September 19, 2017, before ALJ Michael Carr in Falls Church, Virginia, with Plaintiff, represented by Christopher Pashler, Esq., appearing and testifying via videoconference in Buffalo, New York. (R. 58-89). Vocational expert Beth Ann Crain ("the V.E.") gave testimony by telephone. *Id.*

---

[2] References to "AR" are to the page of the Administrative Record electronically filed by Defendant on April 9, 2019 (Dkt. 7).

On January 3, 2018, the ALJ issued a decision denying Plaintiff's claim, AR at 13-37, which Plaintiff appealed to the Appeals Council. AR at 8-9. On September 28, 2018, the Appeals Council denied the request for review, rendering the ALJ's decision the Commissioner's final decision. AR at 3-7. On November 12, 2018, Plaintiff commenced the instant action seeking judicial review of the ALJ's January 3, 2018 decision.

On June 12, 2019, Plaintiff filed a motion for judgment on the pleadings (Dkt. 10) ("Plaintiffs' Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. 10-1) ("Plaintiff's Memorandum"). On August 9, 2019, Defendant filed a motion for judgment on the pleadings (Dkt. 13) ("Defendant's Motion"), attaching the Commissioner's Brief in Support of the Commissioner's Motion for Judgment on the Pleadings and in Response to Plaintiff's Brief Pursuant to Local Standing Order on Social Security Cases (Dkt. 13-1) ("Defendant's Memorandum"). Oral argument was deemed unnecessary.

Based on the following, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED. The Clerk of Court is directed to close the file.

## **FACTS**[3]

Plaintiff Jamie Lynn Staley ("Plaintiff" or "Staley"), born March 25, 1967, was 50 years old as of the September 19, 2017 administrative hearing. AR at 186. Plaintiff is not married and has three adult children. AR at 423, 495. As of the date of the hearing, Plaintiff lived with her adult daughter and three young grandchildren, and her daughter

---

[3] In the interest of judicial economy, recitation of the Facts is limited to only those facts necessary for judgment on the pleadings.

handled most of the household chores and grocery shopping. AR at 74-76. Plaintiff has a graduate equivalency diploma ("GED"), and had recently commenced an on-line course in medical reimbursement and coding. AR at 77. Plaintiff has past relevant work experience as a school bus driver, AR at 64, 221-25, work which, as performed by Plaintiff, qualifies as semi-skilled or skilled, and as medium exertion. AR at 75.

## DISCUSSION

**1. Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 month." 42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A). A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error. 42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory

evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence. *Id.* "Congress has instructed . . . that the factual findings of the Secretary,[4] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982).

**2.      Disability Determination**

The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). If the claimant is engaged in such activity, the inquiry ceases and the claimant is not eligible for disability benefits. *Id.* Next to be determined is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Absent such an impairment, the applicant is not eligible for disability benefits. *Id.* Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement,[5] there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience.

---

[4] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.
[5] The duration requirement mandates the impairment must last or be expected to last for at least a continuous twelve-month period. 20 C.F.R. §§ 404.1509 and 416.909.

5

42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d). As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity," which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW"). [6] 20 C.F.R. §§ 404.1520(e) and 416.920(e). If the applicant remains capable of performing PRW, disability benefits will be denied, *id.*, but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c). The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step. 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).

In the instant case, the ALJ found Plaintiff meets the Act's insured status requirement through December 31, 2019, AR at 18, Plaintiff did not engage in substantial gainful activity since September 25, 2014, her alleged disability onset date,

---

[6] "Past relevant work" or "PRW" is defined as work the claimant performed within the past 15 years as substantial gainful activity, for a sufficient period of time for the claimant to learn how to perform the work. 20 C.F.R. §§ 404.1560(b)(1), 404.1565, and 416.960(b). Whether past work qualifies as relevant is determined either as the claimant actually performed it, or as the work generally is performed in the national economy. *Id.*

6

*id.* at 19, Plaintiff suffers from the severe impairments of cervical spine arthritis, lumbar spondylosis, right carpal tunnel syndrome, right hip accessory ossicle,[7] obesity (status post gastric bypass surgery), asthma, type II diabetes mellitus, hypertension, and obstructive sleep apnea ("OSA"), *id.*, at 19-21, but that Plaintiff does not have an impairment or combination of impairments meeting or medically equal to the severity of any listed impairment in Appendix 1. *Id.* at 21-22. The ALJ found that Plaintiff retains the residual functional capacity to perform light work with limitations of occasionally climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling, no climbing ladders, ropes or scaffolds, frequently reaching overhead, frequently handle and finger with her right upper extremity, and tolerating frequent exposure to fumes, odors, dust, gases, and other pulmonary irritants. *Id.* at 22-30. Based on these limitations, the ALJ determined Plaintiff could not perform her past relevant work as a school bus driver, *id.* at 30, but based on her residual functional capacity, age, and education, could perform work as a small parts assembler, electronics worker, and inspector and hand packager as those jobs are classified in the Dictionary of Occupational Titles. *Id.* at 30-32. Accordingly, the ALJ determined Plaintiff is not disabled as defined under the Act. *Id.* at 32-33.

In support of judgment on the pleadings, Plaintiff argues the ALJ erred in failing to weigh the opinion of the consultative examiner, Hongbiao Liu, M.D. ("Dr. Liu"), Plaintiff's Memorandum at 10-12, and substituted his own lay judgment for the opinion of Plaintiff's treating physician, Saleha Butt, M.D. ("Dr. Butt"), in violation of the treating

---

[7] "Accessory ossicles are well-corticated bony structures found close to bones or a joint. . . . They may . . . contribute to or exacerbate underlying pathology, giving rise to symptoms." Common accessory ossicles of the foot: imaging features, pitfalls and associated pathology, *available at* http://www.ncbi.nim.nih.gov/pmc/articles/PMC5915634/, last visited February 20, 2020.

7

physician rule.[8] *Id.* at 12-16. Because no challenge is raised to the first three steps of the five-part analysis, the court does not address them, but limits its review to only the fourth and fifth steps, *i.e.*, whether the ALJ's determination that Plaintiff retains the residual functional capacity for a limited range of light work that exists in the national economy is supported by substantial evidence in the record.

As stated, as the Fourth Step of the five-step analysis, the ALJ considers the applicant's "residual functional capacity," *i.e.*, the ability to perform physical or mental work activities on a sustained basis despite limitations posed by the applicant's collective impairments, *see* 20 C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any PRW. 20 C.F.R. §§ 404.1520(e) and 416.920(e). Disability benefits will be denied at the fourth step if the applicant remains capable of performing PRW, *id.*, as well as at the fifth step if, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c). In the instant case, the ALJ found Plaintiff, despite her impairments, remained capable of a limited range of light work which, according to the relevant regulation,

> involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.

20 C.F.R. § 404.1567.

---

[8] Although amendments to the Act effective March 27, 2017, eliminated the treating physician rule, the amendments do not apply to claims filed before March 27, 2017. 20 C.F.R. § 404.1527. In the instant case, because Plaintiff's claim was filed May 7, 2015, the treating physician rule applies.

Insofar as Plaintiff maintains the ALJ erred in failing to identify the weight given to Dr. Liu's opinion of June 29, 2015, which precludes Plaintiff from performing all three job identified by the ALJ, Plaintiff's Memorandum at 10-12, Defendant maintains the ALJ's assessment of Dr. Liu's opinion is not inconsistent with the ALJ's finding of Plaintiff's RFC assessment which is supported by substantial evidence in the record. Defendant's Memorandum at 12-17. A plain reading of the record establishes substantial evidence supports the ALJ's decision. In particular, based on a physical examination of Plaintiff on June 29, 2015, Dr. Liu opined that "claimant has mild to moderate limitation for prolonged walking, bending, kneeling, and overhead reaching." AR at 427. Plaintiff urges the court to construe this consultative opinion as failing to support the ALJ's finding that Plaintiff could perform a limited range of light work, asserting a mild to moderate limitation to prolonged walking, bending and kneeling is inconsistent with light work which requires "'standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday.'" Plaintiff's Memorandum at 11 (quoting SSR 83-10,[9] 1983 WL 31251, at *6 (Jan. 1, 1983)). Plaintiff further argues Dr. Liu's opinion that Plaintiff has a mild to moderate limitation to overhead reaching would preclude Plaintiff from performing any of the three jobs the ALJ found Plaintiff could perform because each requires frequent reaching. *Id.* at 11-12. In opposition, Defendant argues that because the ALJ engaged in a detailed discussion of Dr. Liu's opinion, the ALJ was not required to specify the weight assigned to the opinion. Defendant's Memorandum at 15-16.

---

[9] "SSR" is the acronym for Social Security Rulings which are agency rulings "published under the authority of the Commissioner of Social Security and are binding on all components of the Administration. Such rulings represent precedent final opinions and orders and statements of policy and interpretations that [the SSA] ha[s] adopted." 20 C.F.R. 402.35(b)(1).

Defendant further maintains the portions of Dr. Liu's opinion on which Plaintiff relies are not inconsistent with the ALJ's assessment of Plaintiff's RFC.  *Id*. at 16-17.

With regard to the ALJ's failure to specify what weight he assigned to Dr. Liu's opinion, the court preliminarily observes the cases on which Plaintiff relies in support of this argument involved the ALJ's failure to specify the weight assigned to the opinion of a treating physician.  *See* Plaintiff's Memorandum at 11 (citing *Pomales v. Berryhill*, 2017 WL 1546476, at *3 (W.D.N.Y. May 1, 2017); and *Rodriguez v. Barnhart*, 212 F.Supp.2d 134, 137 (W.D.N.Y. 2002)).  In contrast, Dr. Liu is not Plaintiff's treating physician, but a consultative examiner.  Further, Defendant is correct that where, as here, the ALJ discusses the opinion in detail, the ALJ is not required to specify the weight assigned to the opinion.  *See Brito v. Colvin*, 2015 WL 1470555, at * 24 (W.D.N.Y. Mar. 31, 2015) (holding that in light of ALJ's through discussion of physician's findings, which were generally consistent with the ALJ's RFC assessment, the ALJ's failure to assign a specific weight to the opinion was harmless error and did not require remand) (citing cases).  Here, the ALJ commented on Dr. Liu's clinical findings from the June 29, 2015 consultative examination that Plaintiff reported being able to walk two blocks and lift ten pounds, and  needed to change positions every five minutes while standing or sitting, and had numbness and tingling bilaterally in her hands and toes, and exhibited moderate difficulties walking on heels and toes and squatting due to low back pain, yet Plaintiff presented in no acute distress, and walked with a normal gait without assistive devices, needed no help getting on and off the examination table, and rose from a chair without difficulty.  AR at 24 (citing AR at 425-26).  Although Plaintiff exhibited decreased range of motion in her cervical and lumbar spines, positive straight

leg raising test and decreased range of shoulder motion, she had normal range of motion of elbow, forearm, wrist, hip, knee and ankle motion, normal extremity reflexes, 5/5 extremity and grip strength, intact hand and finger dexterity, and no sensory deficits. *Id.* (citing AR at 426-27). Based on this detailed discussion of Dr. Liu's finding, the ALJ did not err in failing to specifically assign a weight to Dr. Liu's opinion. Nor is the ALJ's assessment of Plaintiff's RFC inconsistent with Dr. Liu's opinion. *See Lewis v. Colvin*, 548 Fed.Appx. 675, 677-78 (2d Cir. 2013) ("the ALJ's determination that [the plaintiff] could perform 'light work' is supported by [the physician's] assessment of 'mild limitations for prolonged sitting, standing, and walking . . .'"); *Tankisi v. Comm'r of Soc. Sec.*, 521 Fed.Appx. 29, 34 (2d Cir. 2013) (affirming RFC for light work with occasional climbing, balancing, stooping, kneeling, crouching, and crawling where consultative examiner opined the plaintiff had a "mild to moderate limitation for sitting for a long time, standing for a long time, walking for a long distance, pushing, pulling, or heavy lifting."); *Harrington v. Colvin*, 2015 WL 790756, at *15 (W.D.N.Y. Feb. 25, 2015) (moderate limitation to sitting, standing, and walking not inconsistent with finding that claimant could sit, stand, and walk for six hours a day, supporting RFC for light or medium work).

Moreover, insofar as Plaintiff argues Dr. Liu's finding that Plaintiff had a mild to moderate limitation to overhead reaching renders Plaintiff unable to perform any of the three jobs the ALJ identified, Plaintiff's Memorandum at 16-17, the V.E. did testify at the administrative hearing that if Plaintiff were limited to only occasional overhead reaching, she would not be able to perform any of the three jobs the ALJ identified. AR at 81-82. Nevertheless, the ALJ's determination that Plaintiff could frequently engage in overhead reaching is not inconsistent with the mild limitation assessed by Dr. Liu, *see, e.g.*, SSR

83-10, 1983 WL 31251, at * 6 (defining "frequently" as "occurring from one-third to two-thirds of the time. . . .").[10] Accordingly, Plaintiff's objections to the ALJ's consideration of Dr. Liu's opinion are without merit.

Plaintiff also maintains the ALJ violated the treating physician's rule by substituting his own lay judgment for the September 11, 2017 opinion of Dr. Butt, AR at 778-87, to which the ALJ gave little weight. Plaintiff's Memorandum at 17-20. In opposition, Defendant argues the ALJ properly considered Dr. Butt's opinion according to the so-called "*Burgess* Factors," identified by the Second Circuit in *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008), Defendant's Memorandum at 17-18, and Dr. Butt's opinion is not supported by her own treatment notes. *Id.* at 18-19. As relevant to this discussion, in her September 11, 2017 opinion, Dr. Butt indicated that based on her impairments, Plaintiff was likely to be off task more than 25% of a typical workday, and to miss on average more than four days a month, AR at 778, 787, levels which would not support substantial gainful employment according to the V.E. AR at 80-81. The instant record establishes the ALJ did not violate the treating physician's rule by granting of "very little weight" to the opinion of Dr. Butt.

Generally, the opinion of a treating physician is entitled to significant weight, but is not outcome determinative and only entitled to significant weight when "'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record.'" *Crowell v. Comm'r of Soc. Sec. Admin.*, 705 Fed.Appx. 34, 35 (2d Cir. 2017) (quoting *Burgess*, 537 F.3d at 128, and 20 C.F.R. § 404.1527(d)(2)). According to the *Burgess* factors, the ALJ must

---

[10] In contrast, "occasionally" is defined as "occurring from very little up to one-third of the time." SSR 83-10, 1983 WL 31251, at * 5.

first decide whether an opinion is entitled to controlling weight. *Burgess*, 537 F.3d at 128. Where, however, the ALJ discounts a treating physician's opinion, the ALJ must set forth "good reasons" for doing so. *Burgess*, 537 F.3d at 129 (citing *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004)). The ALJ must "explicitly consider" the four *Burgess* factors, including "(1) the frequen[cy], length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (2) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013) (citing *Burgess*, 537 F.3d at 129). Here, the record establishes the ALJ sufficiently explained his reasons for failing to give Dr. Butt's opinion little weight.

In particular, Dr. Butt is a gastroenterologist who diagnosed Plaintiff as morbidly obese and examined Plaintiff three times between September 27, 2016 and May 26, 2017, in connection with Plaintiff's pursuit of gastric bypass surgery. AR at 483-93. In particular, Dr. Butt examined Plaintiff on September 27, 2016, for pre-operative clearance for gastric bypass surgery,[11] AR at 490, and in follow-up to such surgical procedure on February 24, 2017, *id*. at 487, and May 26, 2017. *Id*. at 483. Treatment of similar frequency has been held insufficient to establish the requisite on-going relationship required to find the physician is a treating physician under the relevant regulations, 20 C.F.R. §§ 404.1502, 416.902. *See Delucia v. Colvin*, 2016 WL 898836, at * 16 (W.D.N.Y. Mar. 9, 2016) (three appointments over three months insufficient) (citing *Patterson v. Astrue*, 2013 WL 638617, at * 8 (N.D.N.Y. Jan. 24, 2013) (three

---

[11] The Administrative Record does not contain records relative to Plaintiff's gastric bypass surgery, although there are several references to Plaintiff having undergone the procedure in October 2016, following which Plaintiff lost significant weight. *See, e.g.*, AR at 483 (Dr. Butt reporting on May 26, 2017, that Plaintiff since the gastric bypass surgery in October 2016, Plaintiff has lost "close to 100 lbs. . . .").

appointments over four months insufficient), *report and recommendation adopted*, 2013 WL 592123 (N.D.N.Y. Feb. 14, 2013)). Further, Dr. Butt's treatment of Plaintiff was limited to clearing Plaintiff for the gastric bypass surgical procedure and following-up with Plaintiff's recovery from the procedure.

Moreover, even assuming, *arguendo*, that Dr. Butt's three examinations of Plaintiff over seven months for a limited purpose sufficiently established a treating physician relationship with Plaintiff, the ALJ's assessment of Dr. Buttt's opinion as inconsistent with clinical observations is supported by the record. In particular, Dr. Butt's assessments of Plaintiff at the September 27, 201, February 24, 2017, and May 2, 2017, examinations were largely normal. *See* AR at 483-93. In contrast, in her September 11, 2017 opinion, Dr. Butts indicated Plaintiff had standing, lifting, carrying, and reaching restrictions that would preclude Plaintiff from performing any of the three jobs identified by the ALJ. An ALJ is permitted to reject a medical opinion that is inconsistent with the relevant clinical observations. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998) (observing treating physician's opinion is entitled to controlling weight only when "well-supported" by clinical evidence); *Newell v. Colvin*, 2016 WL 4524809, at * 14 (W.D.N.Y. Aug. 30, 2016) (citing cases). The inconsistencies between Dr. Butt's clinical observations of Plaintiff, as reported in office visit notes pertaining to each of the three examinations over the seven-month period from September 27, 2016 through May 26, 2017, with Dr. Butt's opinion expressed in the September 11, 2017 opinion allowed the ALJ to discount such opinion.

The ALJ's assessment of Plaintiff's RFC is supported by substantial evidence in the record, as is the ALJ's finding that Plaintiff's RFC permits her to perform jobs that exist in the national economy.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. 10) is DENIED; Defendant's Motion (Dkt. 13) is GRANTED. The Clerk of Court directed to close the case.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: February 20, 2020
             Buffalo, New York